UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| LAURA JACQUELINE LISTON, | ) | |
| | ) | NO.   CV-06-0265-LRS |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | ORDER GRANTING UNITED |
| | ) | STATES' MOTION FOR SUMMARY |
| MICHAEL CHERTOFF, SECRETARY OF THE | ) | JUDGMENT AND DENYING |
| U.S. DEPARTMENT OF HOMELAND | ) | PLAINTIFF'S MOTION FOR |
| SECURITY, | ) | SUMMARY JUDGMENT |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the court are the cross-motions of the United States and Plaintiff (Ct. Recs. 28, 24 respectively), filed on February 12, 2008, and noted without oral argument.   This Court previously denied the Defendant's motion to dismiss pursuant to CR 12.  Ct. Rec. 19.   In their briefing the parties have agreed that there are no additional factual matters to be developed herein.

## I. FACTUAL BACKGROUND

Plaintiff Laura J. Liston filed a Complaint for Declaratory Judgment seeking a determination that she is entitled to a Certificate of Citizenship pursuant to the Child Citizenship Act found at §322 of the Immigration and Nationality Act, 8 U.S.C. §1433.  Plaintiff, born on August 13, 1986, is a citizen and national of Mexico.  On March 29, 2004

ORDER - 1

1  Plaintiff's father, Raymond Gilbert Liston, a U.S. citizen, applied for
2  a Certificate of Citizenship on behalf of Plaintiff by submitting an N-
3  600 application to the United States Citizenship and Immigration
4  Services' ("USCIS") Spokane, Washington office.  Plaintiff claimed a
5  right to citizenship through her citizen father and grandfather.
6  Complaint, ¶4. At that time, Plaintiff's eighteenth birthday was four and
7  a half months away, on August 13, 2004. Complaint, ¶6.  The N-600
8  application process requires that applicants personally appear and swear
9  an oath of allegiance prior to issuance of a certificate of citizenship.
10  8 U.S.C. §1433(a)(3); 8 C.F.R. §322.4.  Because Plaintiff was so close
11  to her eighteenth birthday, USCIS scheduled her mandatory personal
12  interview for July 29, 2004.  Complaint, §9; Attachment B, ¶3.

13      Thereafter, USCIS mailed a notice of the interview date and time to
14  Plaintiff's home in Mexico.  Attachment B, ¶¶4-5. No other address was
15  provided in the paperwork which was submitted in support of Plaintiff's
16  application.  While Plaintiff claims to have not received this notice,
17  it was not returned to USCIS and was thus presumed to be delivered.
18  Complaint ¶¶7, 13, Attachment B, ¶5.  Plaintiff attempted to determine
19  the status of her application via telephone calls to the USCIS National
20  Service Center but was unsuccessful because she did not know her file
21  number.  Complaint ¶10. Plaintiff indicates that she did not telephone
22  the Spokane office of USCIS directly because its phone number was not
23  provided on its website.  Complaint ¶11.  Plaintiff did not attempt to
24  obtain the telephone number through other means, did not send written
25  communication to USCIS, nor did she physically go to USCIS to check on
26  her case status prior to her birthday, although it is undisputed she

ORDER - 2

could have stopped by, which would have solved the problem.[1] *Id.*  As a result, Plaintiff was unaware of and did not attend her interview appointment on July 29, 2004 at the Spokane office of USCIS.

After the missed interview, USCIS attempted to telephone Plaintiff at her home in Mexico in order to remind her of the imminent eligibility deadline but was unable to reach her. (Complaint, ¶12; Attachment B, ¶5; Ct. Rec. 10, Attachments A and B.)  There were no alternative addresses for which the agency could use to contact the Plaintiff.  USCIS then sent a letter to Plaintiff dated September 22, 2004, informing her that she had missed her appointment, which Plaintiff did receive.  Complaint, ¶7.

Plaintiff's application was denied on October 18, 2004 because Plaintiff had reached her eighteenth birthday prior to the adjudication of her application, did not attend or reschedule her required N-600 interview appointment, had not subscribed to the oath of allegiance as required by 8 U.S.C. 1433(b) and was determined to be statutorily ineligible. Complaint, ¶2; Attachment A, ¶8.  Plaintiff is no longer eligible to reapply under this statute, as she is no longer a child. Complaint, ¶6.

## II.  SUMMARY JUDGMENT STANDARDS

To withstand a motion for summary judgment, the opposing party must set forth specific facts to show that there is a genuine issue of material fact in dispute. Fed.R.Civ.P. 56(e). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could

---

[1]Plaintiff states she was in Spokane on July 29, 2004 when her interview was scheduled, albeit without her knowledge.

ORDER - 3

return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All facts in the record and inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. In the absence of genuine issues of disputed fact, "the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### III.  THE PARTIES' ARGUMENTS

#### A.    Defendant's Arguments

Defendant argues that the court should grant summary judgment and dismiss Plaintiff's complaint because the USCIS has not engaged in affirmative misconduct and equity does not dictate estoppel.  Defendant concludes that neither the USCIS nor the Court has the legal authority to ignore the statutory requirements for citizenship.

More particularly, the USCIS lacks the statutory authority to grant this Plaintiff citizenship based on the relevant statute (Child Citizenship Act or CCA) and regulations that require the child to be under the age of 18 years. Defendant states that although the law may be admittedly harsh on some applicants, Plaintiff's assertion that USCIS's denial of her application was arbitrary and capricious is not accurate.  USCIS expedited and adjudicated Plaintiff's application properly but had no choice but to deny Plaintiff's application. Plaintiff's ineligibility was cause by the delayed submission and purportedly a mail service problem.  Defendant states that a missed deadline cannot be undone in these circumstances.

ORDER - 4

**B.    Plaintiff's Arguments**

Plaintiff's predominant theory in opposition to dismissal is that this case presents genuine issues of material fact that must be resolved at trial.  Plaintiff's argument focuses mainly on the reasonableness of the efforts she and her father made in attempting to discover the status of her case after not receiving the notice mailed to them.  Plaintiff alleges that USCIS made it unreasonably difficult for her to inquire about her case by not giving her a direct telephone number and by not giving her a file number at the time of her application, which she needed to access the Internet file tracking system to determine the status of her application.  Plaintiff states she went to the Spokane USCIS office on October 12, 2004 to personally determine the status of her case, at which time her interview could have been conducted without prejudice to the government.  Plaintiff argues for equitable estoppel to be applied in her case based on the reasonableness of her actions.

**IV.  ANALYSIS**

It is undisputed that Plaintiff's father sought a certificate of citizenship pursuant to 8 U.S.C. § 1452(a).  It is undisputed that Plaintiff submitted a Form N-600 and the proper fee specified in 8 C.F.R.§ 103.7(b)(1).  It is undisputed that the application was also supported by documentary and other evidence essential to establish the claimed citizenship, as there is evidence Plaintiff's sister was issued a citizenship certificate.  Declaration of Sandra Johnston, ¶8.

On October 18, 2004 a letter was sent to Plaintiff denying her application for a certificate of citizenship and explaining that efforts

1   were made to contact her but that she had missed her interview
2   appointment and now, being 18 years of age, did not meet the requirements
3   for issuance of a certificate.

4       Plaintiff cannot show that the government has engaged in affirmative
5   misconduct going beyond negligence, a requisite for application of the
6   doctrine of equitable estoppel. See *Pauly v. U.S. Dept. Of Agriculture*,
7   348 F.3d 1143, 1149 (9th Cir. 2003). In the instant case, there is
8   absolutely no evidence that the USCIS engaged in affirmative misconduct
9   or erred in failing to expedite Plaintiff's application. Application of
10  equitable estoppel is therefore not appropriate. *See Harriott v.*
11  *Ashcroft*,277 F.Supp.2d 538 (E.D.Pa.2003); *Petition of Tubig in Behalf of*
12  *Tubig*,559 F.Supp. 2 (N.D.Cal.1981). Although the result of dismissal is
13  harsh, the USCIS has lost the legal authority to approve Plaintiff's
14  application because she has reached the age of majority. There is no
15  evidence that Plaintiff was prohibited from filing her application much
16  earlier than 4 months prior to her eighteenth birthday.

17       Plaintiff has failed to allege sufficient facts to make a prima
18  facie case for equitable estoppel against the USCIS. As Defendant
19  suggests, Plaintiff has other avenues to obtain citizenship, although the
20  Court recognizes that a mail service problem and the delayed submission
21  of her application until only a few months prior to her eighteenth
22  birthday results in an unfortunate outcome in this case. However,
23  Plaintiff was aware of the importance of an expedited adjudication.
24  Plaintiff allowed the deadline to pass without calling (successfully),
25  writing or stopping by the USCIS office to check on the status of her
26  application.

It appears beyond doubt that the Plaintiff can prove no set of facts in support of her claim which would entitle her to relief as case law[2] confirms that Congress has mandated that the statutory requirements for age and deadlines found in 8 U.S.C. §1433 are firm and not subject to discretion.   Section 1433 reads, in pertinent part:

> A parent who is a citizen of the United States (or, if the citizen parent has died during the preceding 5 years, a citizen grandparent or citizen legal guardian) may apply for naturalization on behalf of a child born outside of the United States who has not acquired citizenship automatically under section 1431 of this title. The Attorney General shall issue a certificate of citizenship to such applicant upon proof, to the satisfaction of the Attorney General, that the following conditions have been fulfilled:
>
> (1) At least one parent (or, at the time of his or her death, was) is [FN1] a citizen of the United States, whether by birth or naturalization.
>
> (2) The United States citizen parent--
>
> (A) has (or, at the time of his or her death, had) been physically present in the United States or its outlying possessions for a period or periods totaling not less than five years, at least two of which were after attaining the age of fourteen years; or
>
> (B) has (or, at the time of his or her death, had) a citizen parent who has been physically present in the United States or its outlying possessions for a period or periods totaling not less than five years, at least two of which were after attaining the age of fourteen years.
>
> **(3) The child is under the age of eighteen years.**
>
> (4) The child is residing outside of the United States in the legal and physical custody of the applicant (or, if the citizen parent is deceased, an individual who does not object to the application).

---

[2] *Hughes v. Ashcroft,* 255 F.3d 752, 760 (9th Cir.2001); *Langhorne v. Ashcroft*, 377 F.3d 175, 181 (2nd Cir.2004).

(5)  The  child  is  temporarily  present  in  the  United  
States  pursuant  to  a  lawful  admission,  and  is  
maintaining such lawful status.

8 U.S.C. §1433 [Emphasis added.]

     The  Court  reluctantly  concludes  that  Plaintiff  may  not  perfect  her  
claim  to  United  States  citizenship  based  upon  the  application  for  
Certificate  of  Citizenship  filed  on  March  29,  2004.   Accordingly,

     **IT IS ORDERED** that:

     1.  Defendant  United  States'  Motion  for  Summary  Judgment,  **Ct. Rec.  
28**,  filed  February  12,  2008,  is  **GRANTED**.   Plaintiff  cannot  perfect  her  
claim  to  United  States  citizenship  based  upon  the  application  for  
Certificate  of  Citizenship  filed  on  March  29,  2004.   Plaintiff's  Motion  
for  Summary  Judgment,  **Ct. Rec. 24**,  filed  on  February  12,  2008,  is  
respectfully **DENIED**.

     2.  The  District  Court  Executive  is  directed  to:

     (a)  FILE THIS ORDER;

     (b)  PROVIDE A COPY TO COUNSEL OF RECORD;

     (c)  ENTER JUDGMENT CONSISTENT WITH THIS ORDER; and

     (c)  **CLOSE THIS FILE**.

     **DATED** this 1st day of April, 2008.

                                        *s/Lonny R. Suko*
                              _____
                                    LONNY R. SUKO
                              UNITED STATES DISTRICT JUDGE

ORDER - 8